IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI

Reginald Allen Perkins )
      Plaintiff, )
           )
           )
VS. )    Case No. _____
           )
           )
           )
KCMO Police Dept. )
Mo. State Board of Prob. & Parole)
K. Robin Sipe (Pros. Atty) (INDV) 
Det. David J. Conchola )
7 Armed, (un-named) Police Officers)
Scott Taylor (Public Defender) )
Officer Steven Wells )
Amber Crites (Prob. Ofcr.) )
M. Butcher (Court. Clerk.) )
      Defendant(s)

11-1313-CV-W-FJG-P

## JURISDICTION

18 U.S.C 241, 18 U.S.C. 242, 18 U.S.C. 1983, 18 U.S.C 1988, 28 U.S.C. 2671,

## COMPLAINT

I, Reginald Allen Perkins, allege that the KCMO Police Department and it's officers violated my civil rights and constitutional rights for an illegal and an unlawful arrest and unlawful detention with the support of the Prosecutor, Detective, Court Clerk, Mo. State Board of Probation and Parole Officer in a conspiracy to deprive me of my rights guaranteed by the state of Missouri and the United States Constitution.

## SUMMARY OF FACTS/STATEMENT OF CLAIMS

On October 22, 2009, I, Reginald Allen Perkins, (Defendant), was arrested on site at 1200 Paseo, in Kansas City, Missouri by the K.C.M.O. police department, (Police); for a simple assault case number 1G614807.

I was held over for a pre-trial hearing, (TV Judge) and arraignment.

On 10/24/09 the bond was set at $1,000.00 and paid on 10/26/09.

The (Defendant) was assigned Cody Russell as the public defender.

The prosecutor wanted to request a bond increase to $35,000.00 and the public defender said *'your Honor that doesn't make sense---what is Mr. Perkins going to do---he is in custody---break out to be in contact?'*

During the course of these proceedings the Judge; (Judge Leonard Hughes, III), was speaking to the victim and she said *'well your Honor, I did not want to press charges'* and the prosecutor said *'shhhhhhhhhhhhh* and when the Judge asked for the defendant to answer, defendant states that he was not trying to hurt the victim; (he pushed her after she slapped him, grabbed her around the waist and she started kicking her legs and they fell), then the judge responded "I got this" to show the prosecutor his intention of dismissal of the charge; even though she said she was trying to see if the state would pick up the case; the judge could see from the evidence she provided that her injuries were not serious and that the incident was an accident and not intentional.

Upon the final appearance on December 18, 2009, the public defender appeared and left because he did not see (defendant's) name on the court docket.

(Defendant) appeared and the Judge later found that he had nolle prossed the case on 10/30/09; (with the final adjudication on 12/18/09), and told (defendant) to stay out of his courtroom.

On November 30, 2009 a felony complaint was filed by K. Robin Sipe, (Prosecutor), for a 565.073 RSMo 2nd Degree domestic assault charge.

On 12/29/09 the (police), (4 tactical officers and 3 kcmo police officers), came to (defendants) security key pad entry apartment and knocked on (defendants) door, when (defendant) answered they asked if he was Reginald Perkins when he said yes they asked him to step out into the hallway and arrested him; (with all guns drawn upon him).

When he asked what he was being arrested for they did not respond; when he asked if they had a warrant they said it was at the office; (they did not read the Miranda warnings), and took him into custody.

He did not speak to the Judge, nor did anyone come to tell him what he was charged with.

The (police) made a request on December 21, 2009 for an arrest warrant which was not presented upon request to arrestee, (defendant), at 1200 Paseo, apt. 204 on December 29, 2009.

**The complaint filed on November 30, 2009 has annotated a bond increase request for $50,000.00 when (defendant) is not in custody;** and there was no hearing scheduled.

The information was filed on January 18, 2010; **three days after the trial on January 15, 2010.**

**The prosecutors request for discovery is filed on January 18, 2010.**

The probable cause(s) (3) have been altered; (by the court clerk M. Butcher), and that the (police) do **not** have proof for any warrant to be issued and on it's face the warrant is not valid--- *I certify that I served this warrant in Jackson (County/City of St. Louis, Missouri;* by arresting officer Steven Wells; therefore the court could not find probable cause exists to believe that the defendant committed the crime before the defendant may be prosecuted.

The warrant with a court time stamp of November 30, 2009 shows *The Court finds probable cause and directs the issuance of a warrant December 22, 2009.*

The court case docket entry shows the warrant issued December 21, 2009.

The detective, David J. Conchola, fabricated evidence, (defendants) background sheet, (job history **unknown** and family in the Kansas City area **unknown**); where in the police report it states *he is working* and the client initial interview form shows mother's contact information.

The (defendant) was assigned on January 4, 2010, Scott Taylor, (Public Defender), who after repeated request did not make any appearance until January 13, 2010, saying he was still awaiting the discovery.

He never interviewed or investigated the case.

He came; after a waiver of preliminary hearing, on January 15, 2010, and filed the request for discovery **in the course of the courts proceedings**.

He came to speak to the defendant **after** it was announced in court that the defendant would be accepting a **'plea'---(not "GUILTY" PLEA)** and told (defendant) to not accept it would mean he would remain in custody at least another 6 months before a new trial would be scheduled and that it would show as a **misdemeanor;** even though the commitment for trial shows (Defendant) plead **"NOT Guilty)."**

**(Defendant) was incarcerated for 17 days without knowing what he was being charged with; which is in violation of his constitutional rights; and held for more than 20/24 hours.**

(Defendant) had a protected liberty interest in receiving a fair trial on the criminal charge against him, and in being free from wrongful conviction and incarceration.

(Defendant) was deprived of that liberty interest in that he was denied due process by defendants acting under color of state law. Specifically, he was deprived of due process by the failure of Defendants K. Robin Sipe and Scott Taylor, and Detective David Conchola to conduct an adequate or appropriate investigation; which would have revealed the previous trial and the dismissal of the charge.

After reporting to the probation and parole office, (January 26, 2010), the officer (defendant) assigned to Amber Crites; requested a copy of his files, (which by law and statue); she has a duty

to provide, printed it out, but then said she needed to speak to her supervisor; and then declined giving them to him; saying he would need to get them from another public record source.

As it turns out the order is not signed by a judge nor witnessed to as is required by law.

Defendants' action were willful, wanton, reckless and malicious and further, show a complete and deliberate indifference to and conscious disregard, for the rights of (Plaintiff) in this case; and is shocking to the conscious which has caused (Plaintiff) grave harm and mental and emotional distress.

Plaintiff hereby adopts and incorporates by reference the allegations contained in A-R below:

## CAUSES OF ACTION/ALLEGATIONS

(A) COUNT I
TITLE 18 U.S.C. 241
CONSPIRACY AGAINST RIGHTS

(A) (1) COUNT II
TITLE 42 U.S.C. 1983
CIVIL ACTION FOR DEPRIVATION OF RIGHTS

TITLE 42 U.S.C. 1988
PROCEEDINGS IN VINDICATION OF CIVIL RIGHTS
AND ATTORNEY FEES

(B) COUNT III
TITLE 18 U.S.C. 242
DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

(C) COUNT IV
FOURTH AMENDMENT
ARRESTS MADE WITHOUT PROBABLE CAUSE

(D) COUNT V
FIFTH AMENDMENT
DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW

(E) COUNT VI
SIXTH AMENDMENT
DENIED EFFECTIVE ASSISTANCE OF COUNSEL

(F) COUNT VII
FOURTEENTH AMENDMENT
DEPRIVATION OF LIBERTY WITHOUT EQUAL PROTECTION OF LAW

(G) COUNT VIII
UNLAWFUL ARREST

(H) COUNT IX
UNLAWFUL DETENTION

(I) COUNT X
MALICIOUS PROSECUTION

(J) COUNT XI
ASSAULT AND BATTERY

(K) COUNT XII
PROSECUTORIAL MISCONDUCT

(L) COUNT XIII
LEGAL MALPRACTICE

(M) COUNT XIIII
PROFESSIONAL NEGLIGENCE

(N) COUNT XV
INVOLUNTARY SERVITUDE

(O) COUNT XVI
NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(P) COUNT XVII
FALSE,FABRICATED EVIDENCE

(Q) COUNT XVIII
UNPROFESSIONAL CONDUCT

(R) COUNT XIX
**ARMED/AGGRAVATED KIDNAPPING**


Reginald Allen Perkins
4016 E. 16th Terr.
Kansas City, Missouri 64127-3469

*Reginald allen Perkins*
Signature

*Reginald Allen Perkins*
Print

12-29-11
Date

RECEIVED

11 DEC 29 PM 3:08

CLERK U.S. DIST. COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.